# APPELLATE COURT PROCEDURAL RULES COMMITTEE
## ADOPTION REPORT

### Amendment of Pa.R.A.P. 1512

On November 6, 2023, the Supreme Court of Pennsylvania adopted amendments to Pennsylvania Rule of Appellate Procedure 1512. The Appellate Court Procedural Rules Committee has prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, cmt. The statements contained herein are those of the Committee, not the Court.

The Criminal History Record Information Act, 18 Pa.C.S. §§ 9101 *et seq.,* was recently amended to allow a requesting party or their legal representative to "obtain criminal history investigative information for use in or investigation of an actual or potential civil action in this Commonwealth relating to that criminal history investigative information." 18 Pa.C.S. § 9158.1. Prior to the amendment, the Act contained strict confidentiality provisions that did not permit the disclosure of investigative information to the crime victim.

The Act contains provisions for the request to the criminal justice agency, service of the request, dissemination of the information, receipt of the information, grounds for the denial of the request, and judicial review of denials. *See* 18 Pa.C.S. §§ 9158.2-9158.4. To initiate judicial review, within 45 days after service of a denial, a requesting party must file a petition for review in the court of common pleas in any judicial district in which the criminal justice agency that issued the denial is located. However, if the criminal justice agency has statewide jurisdiction, the petition for review must be filed in Commonwealth Court. 18 Pa.C.S. § 9158.4(a)-(c). Notably, only specific grounds for a denial can be appealed. *See id.* §§ 9158.3(a), 9158.4(a). Section 9158.7(b) of the Act directs the Supreme Court to promulgate rules necessary to implement the Act.

To implement the new provisions of the Act, Pa.R.A.P. 1512(b) has been amended to include the Act's 45-day appellate window as an exception to the default 30-day window set forth in subdivision (a). The Comment has been revised to include a reference to 18 Pa.C.S. § 9158.3(a)(2) to remind readers that appellate review is limited to certain grounds for a denial. Stylistic revisions to the rule text have also been made.

The Committee did not previously publish the amendments for comment because the amendments codify the current requirements of the Act into the Rules of Appellate Procedure.

The amendments become effective on January 1, 2024.